2005 ME 69

**STATE of Maine**

v.

**George R. PARSONS Jr.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 9, 2004.

Decided: June 13, 2005.

Evert N. Fowle, Dist. Atty., Alan P. Kelley, Deputy Dist. Atty., Augusta, for State.

John D. Pelletier, Goodspeed & O'Donnell, Augusta, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] George R. Parsons Jr. appeals from judgments of conviction entered in the Superior Court (Kennebec County, *Marden, J.*) for two counts of gross sexual assault (Class A), 17–A M.R.S.A. § 253(1)(B) (Supp. 2002),[1] two counts of unlawful sexual contact (Class C), 17–A M.R.S.A. § 255(1)(C) (Supp. 2000),[2] and one count of

---

1. Title 17–A M.R.S.A. § 253(1)(B) (Supp. 2002) provides:

    **1.** A person is guilty of gross sexual assault if that person engages in a sexual act with another person and:

    . . . .

    **B.** The other person, not the actor's spouse, has not in fact attained the age of 14 years.

*Id., amended by* P.L. 2001, ch. 383, § 14 (effective Jan. 31, 2003).

2. Title 17–A M.R.S.A. § 255(1)(C) (Supp. 2000) provides:

    **1.** A person is guilty of unlawful sexual contact if the person intentionally subjects another person to any sexual contact, and:

    . . . .

    **C.** The other person, not the actor's spouse, has not in fact attained the age of 14 years and the actor is at least 3 years older . . . .

possession of sexually explicit materials (Class D), 17 M.R.S.A. § 2924 (Supp. 2003),[3] following a jury trial. Parsons contends that the Superior Court erred by (1) allowing a witness to testify about a prior consistent statement made by the victim, and (2) denying his M.R.Crim. P. 8(d) motion for relief from prejudicial joinder of the count of possession of sexually explicit materials. Finding no error or improper exercise of discretion, we affirm the judgments.

## I. BACKGROUND

[¶ 2] There was evidence that Parsons began to sexually abuse his seven-year-old daughter after he separated from his wife, and when, pursuant to a custody arrangement, Parsons's daughter and son began to visit with him on the weekends. During the visits, Parsons frequently had the daughter sleep with him in the same bed. According to the daughter, when they went to bed, Parsons had sexual contact and engaged in sexual acts with her.[4] In February of 2002, the daughter made a statement that eventually led to the disclosure of the abuse. As a result, the mother contacted school officials and the police. An officer with the Oakland Police Depart-

ment then interviewed the daughter on February 10, 2002. During the interview, however, the daughter became upset, and the officer discontinued the interview, finishing the interview on another day.

[¶ 3] When the police contacted Parsons regarding the alleged abuse, he consented to the search of his home computer. The computer contained photographs depicting child pornography, as well as links to websites featuring child pornography. Parsons claimed that he did not know that any pornographic materials depicting young females were located on his computer.

[¶ 4] Parsons was indicted on two counts of gross sexual assault and two counts of unlawful sexual contact, along with one count of possession of sexually explicit materials. Before trial, Parsons moved for relief from prejudicial joinder pursuant to M.R.Crim. P. 8(d), seeking a separate trial for the count of possession of sexually explicit materials. The court denied the motion, and all five counts remained joined and were tried together in a single trial.

[¶ 5] At trial, the daughter testified that she and Parsons had actual skin-to-skin contact during the abusive conduct.[5] Dur-

---

*Id., repealed by* P.L. 2001, ch. 383, § 22 (effective Jan. 31, 2003) (current version at 17–A M.R.S.A. § 255–A (Supp. 2004)).

3. Title 17 M.R.S.A. § 2924 (Supp. 2003) provides:

    2. **Offense.** A person is guilty of possession of sexually explicit material if that person intentionally or knowingly transports, exhibits, purchases or possesses any book, magazine, print, negative, slide, motion picture, computer data file, videotape or other mechanically, electronically or chemically reproduced visual image or material that the person knows or should know depicts another person engaging in sexually explicit conduct, and:

        . . . .

    B. The person knows or has reason to know that the other person has not attained the age of 14 years.

*Id.* Section 2924 has since been repealed by P.L. 2003, ch. 711, § B1 (effective July 30, 2004), and replaced by 17–A M.R.S.A. §§ 281–285 (Supp. 2004).

4. Parsons acknowledged that the daughter slept in his bed, but denied that any abuse occurred.

5. Pursuant to 17–A M.R.S.A. § 253 (Supp. 2002), the State must prove that a sexual act occurred. A sexual act, as defined by 17–A M.R.S.A. § 251(1)(C)(1) (Supp. 2004), requires "direct physical contact between the genitals of one and the genitals of the other . . . ." This is to be distinguished from sexual contact as defined in 17–A M.R.S.A. § 251(D) (Supp. 2004), which can include touching di-

ing cross-examination, however, the daughter stated that she did not remember telling both the officer and examining doctor that the contact had been through clothing only. Through later testimony, Parsons then brought out prior statements the daughter made to her doctor, and to the officer, that she had been wearing clothing when the sexual contact occurred.

[¶ 6] In the redirect examination of the officer, the attorney for the State asked whether the daughter had ever told the officer that there had been genital-to-genital or skin-to-skin contact. Parsons objected to this question as an improper introduction of a prior consistent statement. *See* M.R. Evid. 801(d)(1). The court admitted the testimony as a prior consistent statement, allowing the officer to state that in the initial interview, before it was interrupted, the victim described skin-to-skin contact. The court found that the prior consistent statement rebutted the attack of the daughter's credibility and the inference of recent fabrication, stating:

> [W]here I think that the State is allowed to make that inquiry is on the inference of recent fabrication, being that, as it was presented, the suggestion that the girl, on the witness stand, said something inconsistent with what she told the officer. That would suggest a recent fabrication, which would be perfectly appropriate for impeachment.
>
> In my understanding, the State wants to make inquiry with respect to a prior consistent statement to show that it was—that there was not a recent fabrication because it had previously been

stated, and that was the reason that I believe that it is a proper area for inquiry by the State.

[¶ 7] Following the jury verdicts of guilty on all five counts, and the imposition of his sentence,[6] Parsons filed this appeal.

## II. DISCUSSION

### A. Prior Consistent Statement

■ [¶ 8] Parsons contends that the daughter's prior consistent statement should not have been admitted. He argues that the mother improperly influenced the daughter to fabricate the allegation of abuse to affect the determination of the custody of his children, that the mother's improper influence on the daughter existed prior to any allegations of abuse, and that pursuant to Rule 801(d)(1), the prior consistent statement should have been excluded. *See generally State v. Fredette,* 462 A.2d 17, 22–25 (Me.1983).

■ [¶ 9] Rule 801(d)(1) of the Maine Rules of Evidence provides: "A prior consistent statement by the declarant, whether or not under oath, is admissible only to rebut an express or implied charge against the declarant of recent fabrication *or* improper influence or motive." (Emphasis added.) Rule 801(d)(1), allows the admission of a prior consistent statement not only to rebut an express or implied charge against the declarant of improper influence or motive, but also in the alternative, to rebut an express or implied charge of recent fabrication. *State v. Boobar,* 637 A.2d

---

rectly or through clothing. *See Hinkley v. Baker,* 122 F.Supp.2d 48, 54–55 (D.Me.2000).

**6.** As to Count I, the gross sexual assault conviction, Parsons was sentenced to sixteen years imprisonment, with all but seven years suspended, and placed on probation for six years. As to the second gross sexual assault conviction, he was sentenced to ten years

consecutive to the sixteen-year sentence, all suspended, and probation for six years. He was given concurrent sentences of five years for each conviction of unlawful sexual assault, and a concurrent sentence of 364 days for his conviction of possession of sexually explicit materials.

1162, 1170–71 (Me.1994). In this case, the court admitted the daughter's prior consistent statement, at least in part, to rebut an implied charge by Parsons that the daughter's trial testimony regarding skin-to-skin contact was recently fabricated, and that in actuality, the contact between the daughter and Parsons was only through clothing, as the daughter stated in her interviews. *See id.* at 1171.

[¶ 10] When the admissibility of hearsay evidence is dependent on a factual determination, such as whether the opposing party has expressly or implicitly charged recent fabrication or improper influence or motive, or both, we review that determination for clear error. *See United States v. Awon,* 135 F.3d 96, 99 (1st Cir. 1998); *Boobar,* 637 A.2d at 1171. In this case, evidence supports the trial court's finding that Parsons was expressly or impliedly charging, at least in part, that the daughter recently fabricated her trial testimony that the contact was skin-to-skin, and accordingly, the court acted within its discretion in admitting the prior statement.[7]

[¶ 11] Even if the prior consistent statement made by the daughter was not admissible pursuant to Rule 801(d)(1), however, the statement she made to the officer was admissible pursuant to the doctrine of completeness. When a portion of a statement is introduced in court, the adverse party has the right to introduce any of the remaining part of the statement "which ought in fairness to be then considered." M.R. Evid. 106. This rule applies not only to written statements, but also to oral statements. *State v. Thibeault,* 621 A.2d 418, 422 (Me.1993). Because the ear-

lier consistent statement made by the daughter to the investigating officer was part of the same police interview that was conducted over two separate days, the trial court neither erred nor acted beyond its discretion when it admitted that portion of the victim's statement.

B. Motion to Sever

[¶ 12] Parsons also contends that the court acted beyond its discretion when it denied his motion, pursuant to M.R. Crim P. 8(d), to sever Count V, charging him with possession of sexually explicit materials, and allowed that count to be tried with the other four counts alleging sexual misconduct with his child. He contends that he suffered prejudice as a result because the evidence supporting the possession count served as impermissible propensity evidence. *See* M.R. Evid. 404(a) ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving that the person acted in conformity therewith . . . .").

[¶ 13] The trial court has substantial discretion when it acts on a motion to sever, and its decision will be upheld unless it is demonstrated that the decision is an improper exercise of its discretion and prejudice is shown. *State v. Pierce,* 2001 ME 14, ¶ 12, 770 A.2d 630, 634. "In making a determination on a Rule 8(d) motion, the court must balance the general policy in favor of joint trials against the prejudice to a defendant which may result." *State v. Boucher,* 1998 ME 209, ¶ 9, 718 A.2d 1092, 1094 (citation omitted).

[¶ 14] In this case, the same evidence the State relied on to prove that Parsons

---

7. A party who desires to limit the admissibility of a prior consistent statement on the basis that the prior statement is being used *only* to rebut an express or implied charge of improper influence or motive should take care to

clearly limit the express or implied charge to improper influence or motive, and should also not charge, expressly or impliedly, recent fabrication.

possessed sexually explicit materials was also relevant to demonstrate Parsons's motive and intent in the physical contact that occurred between Parsons and his daughter, and to show the similarity between some of the conduct displayed on the sexually explicit materials and the conduct about which the victim testified. Accordingly, because much of the evidence demonstrating the elements of possession of sexually explicit materials was relevant, and therefore admissible as to the sexual conduct counts, *see State v. DeLong,* 505 A.2d 803, 805–06 (Me.1986), the trial court did not act beyond its discretion when it denied the motion to sever Count V.

The entry is:

Judgment affirmed.