/ /ʃ /ʃ

State v. Schneller, CR-10-8287 (Unified Criminal Docket – Cumberland)

Before the court is defendant's motion to sever counts 1-3 of the indictment from counts 4 and 5 of the indictment for trial.

Counts 1-3 of the indictment allege that defendant Andrei Schneller committed Class A robbery, Class B burglary, and Class E theft on or about November 27, 2010. The alleged victim on those counts is Nomakhosi Jenness and the events in question are alleged to have occurred at her residence at 52 Central Avenue on Peaks Island.

Counts 4 and 5 of the indictment allege that Schneller committed a class B burglary and a class E theft on or about November 23, 2010. The alleged victim on those counts is Stan Brooks and the alleged burglary occurred at his residence at 195 Central Avenue on Peaks Island.

M.R.Crim.P. 8(a) and UCD Rule 8(a) provide as follows:

> **Joinder of Crimes.** Two or more crimes should be charged in the same indictment, information or complaint in a separate count for each crime if the crimes charged, whether of the same class or different classes, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions which are connected or which constitute parts of a common scheme or plan.

M.R.Crim.P. 8(d) and UCD Rule 8(d) further provide:

> **Relief from Prejudicial Joinder.** If it appears that a defendant or the state is prejudiced by a joinder of offenses against a single defendant or by the joinder of defendants, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires, including ordering multiple simultaneous trials.

In making a determination on a motion to sever under Rule 89d), the court "must balance the general policy in favor of joint trials against the prejudice to a defendant which may result." State v. Parsons, 2005 ME 69 ¶ 13, 874 A.2d 875, 879. Schneller argues here that counts in question were improperly joined, that the November 27 allegations and the November 23 allegations involve different dates, different victims, and different offenses (robbery vs. burglary) and do not constitute a common scheme or plan. Schneller also argues that he will be prejudiced because a jury may conclude that if he is charged with two sets of offenses, he is more likely to be guilty.

Schneller's claim of prejudice has some merit. See M.R.Evid. 404(b). However, a review of the charges in more detail demonstrates that this case falls squarely within the joinder permitted by Rule 8(a). First, the offenses allegedly occurred on the same street on Peaks Island. Second, counts 1-3 and counts 4-5 are alleged to have occurred within a four day period, and could have occurred on the same date. The alleged offenses in

counts 4 and 5 took place sometime between the time Brooks left his residence on November 23 and when he returned to find items missing on November 27, and November 27 was the same date that the burglary and robbery allegedly occurred at Jenness's residence.

Third, in both cases, the State is alleging burglaries and thefts of computers. Brooks was away when his computer was allegedly stolen and Ms. Jenness was at home watching TV in her residence with the lights off when she heard a noise and allegedly confronted an intruder who was removing her computer. As a result, the State is alleging crimes of the same character (residential burglaries to steal computers) with the exception that, because Jenness was home, the alleged burglary in her case also evolved into an alleged robbery. Fourth, the State's evidence if proven would lead to an inference of a common scheme or plan to steal computers from Peaks Island residences at times when their occupants were believed to be absent.

Finally, evidence that Schneller was found hiding within his mother's residence and was found with another computer that had been reported stolen would be relevant to demonstrate an intent to engage in theft, given that it could also be argued based on his alleged statements and actions when confronted by Jenness that he only wanted to use her computer. Accordingly, even if the counts were severed, evidence relating to the alleged theft from Brooks would likely be admissible at a trial of counts 1-3. Evidence that Schneller was found hiding in his mother's house, that his mother had forbidden him to be there, and that he was found with one or more stolen computers is likely to be offered in both cases.

Given all of the above, the court concludes that the balance between the general policy in favor of joint trials and the prejudice to Schneller favors joinder in this case. State v. Parsons, 2005 ME 69 ¶ 13, 874 A.2d at 879. While there is some prejudice to Schneller, it is not unfair prejudice. Indeed, if the prejudice to Schneller were found to justify severance in this case, the court would be obliged to conclude that separate trials would be necessary in almost every case where defendants are charged with a string of burglaries in the same neighborhood within a short time period – charges that are routinely tried together.

The motion for severance is denied.

Dated: March ___9___, 2011

Thomas D. Warren
Justice, Superior Court

2